THOS. LIPSCOMB et als. v. JNO. R. DEAN, Sup't, et als.

PUBLIC SCHOOLS. *Levy of tax by school districts unconstitutional.* So much of the act of March 6, 1873, entitled "An act to establish and maintain a uniform system of public schools," as confers upon the school districts of the several counties of this State power to levy and collect taxes for common school purposes, is unconstitutional and void, nor is the result changed by designating them incorporated towns.

FROM BEDFORD.

Appeal from the Chancery Court at Shelbyville. A. S. MARKS, Ch.

WISENER & SON for complainants.

COLDWELL for defendants.

J. W. JUDD, Sp. J., delivered the opinion of the court.

Sufficient facts appear in this case to show that on the 6th day of March, 1873, the Legislature of this State passed an act entitled "An act to establish

Lipscomb v. Dean.

and maintain a uniform system of public schools in Tennessee," the 45th, 46th, 47th, 48th and 49th sections of which are as follows:

"Sec. 45. That it shall be the duty of the county superintendents to report to the chancery courts of their respective counties a list of the several school districts now or hereafter established, and the directors, in their several counties. Such report, by order of the Chancellor, shall be entered upon the minutes of the court; and upon such record being made, the inhabitants of the school districts. of the several counties shall be incorporated towns, and vested with the following rights and none other: 1. To purchase and hold in the bounds of their respective board of directors, such real estate and school furniture as may be necessary for school purposes. 2. To levy a tax not exceeding three mills on the dollar, as hereinafter provided, upon property for prolonging schools, for purchasing school sites and building school-houses, and for payment of necessary school expenses, but they shall have no power to levy a tax for any other purpose.

"Sec. 46. That when a majority of the freeholders of a district shall make application in writing to the school directors of a district to levy a tax for school purposes, as authorized by this act, stating the amount to be levied, it shall be the duty of the school directors to call forthwith a meeting of the people of the district, designating the time and place of meeting, and giving sixty days' notice thereof, the object of the meeting, and the tax proposed, in one

or more public places of the district; and if the directors shall fail to call such meeting, it may be called by any fifteen freeholders of the district, in the same manner as required by the directors.

"Sec. 47. That when such meeting is assembled, it shall be the duty of the school directors, or those having called the meeting, to lay before it the purposes for which it is proposed to levy a tax, and if a majority of the legal voters of the district shall vote for a tax, the amount so voted for shall be assessed by the directors upon the property of the district subject to taxation.

"Sec. 48. That the school directors of the district shall appoint a tax collector to collect the tax then assessed, and shall fix his compensation.

"Sec. 49. That the collector shall give bond, payable to the school directors of the district, in double the amount of the tax to be collected, for the faithful performance of his duties, and he shall pay over the amount collected to the treasurer of the district."

Acting under the authority of the first quoted section, the county superintendent of Bedford county made a report to the Chancery Court of the county, of the school districts in the same, which were the same in all particulars as the civil districts theretofore existing in the county. This report was accepted by the court, and confirmed as the act directs, and thereupon said districts became and were incorporated towns, as the act says. Such proceedings were had subsequently to this, and in conformity to the last quoted sections, as resulted in the levying a tax upon the

Lipscomb *v.* Dean.

property of the citizens of district No. 7, and the defendants were proceeding to collect the same, when the complainants, being property owners and tax-payers of said district, filed this bill, alleging that the act, in so far as it authorized the levy and collection of taxes, is unconstitutional and void, and praying for an injunction. The bill was demurred to by the respondents, and demurrer was overruled, from which, by permission of the Chancellor, they prayed and obtained an appeal to this court.

In the final decree all other questions are expressly waived except the one suggested of the unconstitutionality of the act in question. Is the part of the act quoted, in so far as it gives the power to levy and collect the taxes complained of, repugnant to the organic law of the State and therefore void?

An elementary principle of government in the States of our Federal Union is, that the whole sovereignty of the people rests with and is invested in the Legislature, except so far as restricted by the powers delegated to the United States, and by the constitutions of the States. This principle is earnestly invoked by the respondents, and they ingenuously argue that under it ample authority is found for the act in question. We have felt the full force of the argument, and do not by any means underrate its persuasive power, but it must be remembered that directly and inseparably linked with this is the further idea that our State government is, by the Constitution, divided into three separate and *distinct* departments—the legislative, executive, and judicial—and no

person belonging to one of these departments shall exercise any of the powers properly belonging to either of the others, except in cases directed and permitted. Art. 2, secs. 1, 2. And further, that the people, having delegated to these three departments of government certain powers, have thereby deprived themselves of the right to exercise them; chief among which is the power delegated to the Legislature of taxation.

The power to levy and collect taxes is, by our Constitution, expressly delegated to the Legislature, and the right to redelegate this authority must be found in the Constitution itself, or it does not exist.

Guided by this postulate, let us examine the Constitution and see if authority can be found for the act in question, so far as it undertakes to delegate the power of taxation to the defendants in the manner and under the circumstances of this case.

Defendants say such can be found in art. 11, sec. 8, art. 2, sec. 29, and art. 11, sec. 12. That part of the first named which, by their argument, they apply, is as follows: "No corporation shall be created, or its powers increased or diminished, by special laws, but the General Assembly shall provide, by general laws, for the organization of all corporations hereafter created," etc. And section 12 provides that "knowledge, learning and virtue being essential to the preservation of republican institutions, * * * it shall be the duty of the Legislature, in all future periods of this government, to cherish literature and science."

There is certainly, in neither of these quotations, any power given to the Legislature to delegate the high and most of all dangerous right of taxation, nor can we conceive how it can be said that to obey these mandates of the Constitution it is at all necessary · that the Legislature should delegate or take from itself the least right to levy and collect taxes.    If it be answered that it is necessary in order to cherish knowledge, literature and science, to levy and collect taxes, then we reply, let the Legislature do this as they are authorized to do.    If it be said that the Legislature has the power by general laws to create corporations, and if from this it is argued that therefore they have the right to empower such corporations to levy and collect taxes, and if the Legislature, under this, can give the power to one it can to all, which, as we have said, involves an absurdity.

But, conceding all this, the respondents ingenuously insist that by putting together that part of sec. 8, art. 11, above quoted, and sec. 29 of art. 2, which says that "the General Assembly shall have power to authorize the several counties and incorporated towns of this State to impose taxes for county and corporation purposes respectively as shall be prescriably by law," that this gives the Legislature the power, first, to create corporations by general laws and call them incorporated *towns*, and then possess them with the power to levy and collect taxes for corporation purposes; therefore, they conclude the act in question is constitutional and valid.    The fault with this argu-

ment is that it assumes too much. By the same line of reasoning, the Legislature could create incorporated towns out of the whole territory of the State by subdividing it into parts, and thus delegate to them the whole power of taxation and of government, and divest itself of the exact duty and responsibility entrusted to it by the people in the Constitution. Can it be for one moment believed that the people would have ever ratified our Constitution by their votes, if they had dreamed that such a construction as this could be put upon it? Hardly.

Every step in the many directions only makes the succeeding one more easy and disastrous, and the writer of this opinion must be permitted to say for himself that he has never been able to give his assent to the judgment of the court in the case of *Nichol* v. *Mayor and Aldermen of Nashville*, 9 Hum., 252, and other decisions of like kind, and since the result has been such as to bring about the worst financial results to our people, this court will not even extend those decisions, unless bound to do so by our solemn oath to the Constitution.

The power to authorize incorporated towns and counties to levy taxes for corporation and county purposes, is the only part of our Constitution which we can find that gives the Legislature any power to delegate the right of taxation. This clause appeared for the first time in the Constitution of 1834, and was copied in that of 1870.

It is a sufficient fact, that in the constitutional convention of 1870, when sec. 29, art. 2, was under

consideration, Mr. Seay offered an amendment to insert civil districts after the word counties, so as to give the Legislature power to authorize the civil districts to levy and collect taxes, but the amendment offered was at once rejected.

All the authorities, as well as common sense, agree in the rules that language must be interpreted in the light of things surrounding the parties using the words to be interpreted. When the Constitution of 1834 was framed and ratified, there was no such thing in this State as an incorporated town other than one of fixed and defined limits, invested with powers of municipal government, and this for local and police purposes. Such was the condition of things in 1870, and such alone is the sense in which the "incorporated towns" were used, and to this it must be confirmed. Much authority is cited from other States, which it is assumed holds a different doctrine from this, to which we reply, if that be so we prefer to read our Constitution as that of the State of Tennessee.

In all that part of the act in question quoted above, the word town is only used once, and that in the 45th section, where it is said they "shall be incorporated towns." After this, and in all other places, they are called districts and school districts, and they are districts, being the same as the civil districts theretofore existing in Bedford county; and if it can be held that the Legislature, by simply calling them incorporated towns, can invest them with the power of taxation for school purposes, it can be done cer-

tainly for all purposes,—a conclusion to which we cannot assent.

We are not unmindful of the obedience one department of government owes to another, but our Constitution is the supreme law of this State so far as this question goes, and to it we bow in willing submission, and in so doing, we are bound to declare so much of the act in question as confers the power of taxation upon the different school districts of the counties in this State unconstitutional and void, no matter by what name they may be called or designated. The province of the Legislature is to levy and collect taxes, make laws and put them in force, by the use of the other two departments of government, and it may as well be understood that, viewing the constitution in this light, we cannot give our assent to any other idea.

Let the decree of the court below be affirmed.

The costs of this cause in both courts will be equally divided between the complainants and respondents.